UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOAQUIN NAVARRO HERNANDEZ                       CIVIL ACTION

VERSUS                                          NO: 10-4602

UNITED STATES CUSTOMS AND                       SECTION: J(3)
BORDER PROTECTION AGENCY

                               **ORDER**

   Before the Court are Defendant's **Motion to Quash (Rec. Doc. 41)** and Plaintiff's **Memorandum in Opposition (Rec. Doc. 45)**. Defendant seeks to quash two new notices of subpoenaed depositions by Plaintiff, and Plaintiff argues that Defendant does not have standing to quash the subpoenas and that the proposed depositions are appropriate and relevant to the litigation.

   Federal Rule of Civil Procedure 45 provides that the "court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). To quash notices of subpoenaed depositions under Rule 45, a party must show that it has a personal right or privilege with respect to

the information or documents subpoenaed.  See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979).  A party who is not the person to whom a subpoena is directed and not the person with possession of the requested materials can have standing under this standard if he or she "has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it."  Kiger v. Plaisance Dragline and Dredging Co., 2006 WL 3228289, at *1 (E.D. La. Nov. 2, 2006) (citing Brown, 595 F.2d at 967).  The Court finds that Defendant in this case has a sufficient interest in the subject matter of the two notices of subpoenaed depositions, so it has standing to quash them.

Furthermore, under the "undue burden" standard of Rule 45, the Court finds that the two notices of subpoenaed depositions will cause an undue burden on Defendant.  The two proposed depositions will not provide Plaintiff with new information concerning Defendant's record-keeping processes and procedures, which is the focus of this litigation, that has not already been obtained by Plaintiff's prior depositions.  Instead, the two proposed depositions will provide discovery that is inappropriate in FOIA cases and that will cause Defendant to expend unnecessary time and expense.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash (Rec. Doc. 41)** is **GRANTED**.  The two new notices of subpoenaed depositions in

this matter are hereby quashed.

    New Orleans, Louisiana this 27th day of May, 2011.

                                              CARL J. BARBIER
                                              UNITED STATES DISTRICT JUDGE